IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

      Plaintiff,                         CV F 06 1433 LJO WMW

  vs.                                  ORDER RE MOTION TO RECUSE
                                          (DOC 15, 16)

DEPT. OF JUSTICE, et al.,

      Defendants.

      Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants on claims of wrongful arrest and and unconstitutional search.   Before the Court is Plaintiff's January 31, 2008, and February 21, 2008, motions to disqualify the undersigned  from all further proceedings in this action.

      Plaintiff brings his motions pursuant to 28 U.S.C. § 455.   Section 455 provides that a judge shall disqualify him or herself in which their impartiality might reasonably be questioned. The substantive standard for recusal  under 28  U.S.C. §144 or §455, is "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) citing Unites States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).   The alleged bias must stem from and "extrajudicial source." Liteky v. United States, 510 U.S. 540 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

motion." Id. at 555; Poland v. Stewart, 92 F.3d 881 (9th Cir. 1996).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." United States v. Conforte, 624 F.2d 869, 882 (9th Cir. 1980), cert. denied, 449 U.S. 1012 (1980) (a judge's views on legal issues may not serve as a basis for motions to disqualify).

Plaintiff seeks recusal on the grounds of bias and prejudice.  Plaintiff's motion consists of the conclusory allegation that the undersigned "has an interest in the outcome of this proceeding or he has personal ties with a party to this action and are unable to be impartial or that he is outright biased against Plaintiff."  Though Plaintiff fails to identify specific cases, the Court notes that Plaintiff has suffered the dismissal of many cases brought by Plaintiff.

Plaintiff's conclusory allegations of bias fail to establish legally sufficient grounds for recusal.  See Yagman v. Republic Ins., 987 F.2d 622, 626-27 (9th Cir. 1993)(concluding that speculative assertions of invidious motive are insufficient to show judicial bias).   The Court finds that Plaintiff's motion fails to meet the standard set forth above.  That Plaintiff received unfavorable rulings does not demonstrate bias.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions to recuse are denied.

IT IS SO ORDERED.

**Dated:   February 25, 2008**             /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE