IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. SMITH,

    Plaintiff,        CV F 06 1433 LJO WMW PC

vs.                  ORDER DISMISSING ACTION

DEPT. OF JUSTICE, et al.,

    Defendants.

Plaintiff James E. Smith ("plaintiff") is a state prisoner proceeding pro se.[1] On October 16, 2006,, plaintiff filed a civil action seeking relief pursuant to 28 U.S.C. § 1651 (the All Writs Act).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In this action, plaintiff alleges that the Department of Justice has impaired Plaintiff's freedom of speech. Though difficult to discern, it appears that Plaintiff is bringing this action in order to effectuate public disclosure of information. Doc. 1, pg. 1.

Plaintiff appears to be seeking in part an injunction and mandamus. The All Writs Act

does not confer original jurisdiction on federal courts. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 29, 123 S.Ct. 366, 368 (2002). In the event that jurisdiction is properly pled, "injunctive relief under the All Writs Act is to be used 'sparingly and only in the most critical and exigent circumstances.'" Brown v. Gilmore, 533 U.S. 1301, 122 S.Ct. 1, 2 (2001) (quoting Ohio Citizens for Responsible Energy, Inc. v. NRC, 479 U.S. 1312, 1313, 107 S.Ct. 682 (1986) (internal quotations and citation omitted)). "Such an injunction is appropriate only if 'the legal rights at issue are indisputably clear.'" Id. (quoting Ohio Citizens for Responsible Energy, 479 U.S. at 1313 (internal quotations and citation omitted)).

Plaintiff has alleged no jurisdictional basis for his request for relief, and plaintiff has made no showing that he is entitled to any relief under the All Writs Act.  ith respect to plaintiff's allegations that his constitutional rights are being violated, to state a claim under 42 U.S.C. § 1983, a statute under which plaintiff may seek monetary damages or equitable relief from prison officials for violating his rights, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of

the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)). Plaintiff's complaint fails to state a claim upon which relief may be granted. The complaint is devoid of any statement setting forth a jurisdictional basis for this action. Assuming the Court has jurisdiction pursuant to section 1983, the complaint is devoid of any factual allegations showing that plaintiff is entitled to any relief under federal law. Even plaintiff's prayer for relief is so devoid of detail that the Court cannot ascertain what specifically plaintiff seeks the Court to order defendants to do.

     Plaintiff has filed more than forty actions in this Court, and plaintiff has filed similar requests for relief. In other actions, plaintiff has been placed on notice as to the appropriate standard for obtaining injunctive relief, and plaintiff has also been placed on notice that his pleadings must contain sufficient detail for the Court to determine whether or not he might be entitled to relief under federal law.[2] Despite this, plaintiff filed the instant action, which is utterly devoid of any showing that plaintiff is entitled to relief in federal court. The Court therefore finds that in addition to failing to state a claim, the filing of this action was both frivolous and malicious.[3] Based on the foregoing, the Court finds that this action is frivolous, malicious, and fails to state a claim upon which relief may be granted under federal law. In light of the circumstances set forth herein, justice does not require that leave to amend be granted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

     Accordingly, this action is HEREBY DISMISSED, with prejudice, for frivolousness, maliciousness, and for failure to state a claim under federal law.

IT IS SO ORDERED.

**Dated:   July 2, 2008**         /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE